Wood, J.
This indictment contains numerous counts. In some of them tbe plaintiff is charged with the forgery of certain promissory notes in the name of John O. Batley as maker, bearing date in New York, payable to the order of James Murphy, at the City Bank, and also with tbe forgery thereon of the indorsement of the payee, and with the intent to defraud the Bank of Gallipolis.
In other counts the forgery of certain bills of exchange is averred, . with the same intent, in the name of M. S. as' the drawer, with the acceptances of John Murphy, the drawee, and the indorsements of L. T., the payee, also forged thereon by the plaintiff in error, and all payable at the City Bank, and bearing date at the same place with the said promissory notes.
On the trial several bills of exceptions were taken to points ruled by the court. These exceptions are far more numerous than the counts in the indictment, and we may say, with the Supreme Court of New York, in the People v. Rathbun, 21 Wend. 547, that many of them are so extremely frivolous, that the counsel who procured their original insertion have omitted them in framing the argument for the court, and those not especially noticed by us may all be considered as overruled by the authority of the maxim, de minimis non curat lex.
Two of the exceptions, however, are not, in our opinion, of this character. They are referred to in the second assignment for error, and should both unquestionably be sustained. It appeal’s from the record, that on the trial it became essential for the prosecution to prove that Batley and Sullivan, the maker *of the notes and [356 drawer of the bills of exchange, were fictitious persons, and for this *357 purpose the letter of the cashier of the City Bank, to whom said notes and bills had been forwarded, was offered in evidence. In this letter there was the acknowledgment of the receipt of the notes and bills, and an expression of regret by the cashier that he had not been furnished with a knowledge of the residence of the parties, as it might be necessary in case of the dishonor of the paper.
For the same purpose, the prosecution also offered in evidence the protest of the notes and bills, in which it was certified by the notary that the parties to the paper could not be found in New York. The defense objected to the admission of this testimony, but the objection was overruled and the evidence received. In this, it seems to us, the court of common pleas most clearly erred, to the prejudice of the rights of the plaintiff in error.
It is a fundamental principle in this state, that in criminal prosecutions the accused has not only the right to be heard, by himself or counsel, but to meet his witnesses face to face; to require the testimony against him to be under the sanction of an oath, and the witnesses to be subject to any competent cross-examination.
The letter of the cashier inquiring for information of the residence of the parties to these bills and notes, and from which it was supposed to be inferable they did not reside in New York, and were consequently fictitious, was the mere ipse dixit of a third person, and the protest of the notary for the purpose for which it was here offered, was nothing more; and their admission as testimony is warranted by no principle of law.
Judgment reversed.